IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MATTHEW ROLA, | : |
|                 Plaintiff, | :     Civil No. 22-2382 (RBK/AMD) |
| v. | :     **OPINION** |
| KUBOTA TRACTOR CORP., *et al.*, | : |
|                 Defendants. | : |

**KUGLER**, United States District Judge:

Presently before this Court is Plaintiff Matthew Rola's Motion to Remand ("Motion" or "Mot.") (ECF No. 20). For the reasons set forth below, Rola's Motion is **DENIED**.

**I.  BACKGROUND**

Rola, a New York resident, brings this action in response to alleged injuries he suffered at work while operating a purportedly defective Kubota tractor. (ECF No. 1, Exhibit A, "Compl." ¶¶ 1, 10–11). Defendant Kubota Tractor Corporation is a California corporation with its principal place of business in Texas. (ECF No. 1, "Notice of Removal" ¶ 6). Defendant Kubota America Corporation (together, with Kubota Tractor Corporation, "Kubota") is allegedly a nonexistent entity. (*Id.* ¶ 7). Defendant Herc Rentals, Inc. is a Florida corporation with its principal place of business also in Florida. (*Id.* ¶ 8). When Kubota filed its Notice of Removal, Herc Holdings, Inc. (together, with Herc Rentals, Inc., "Herc") was also a named defendant. (*Id.* ¶ 9). Rola has since voluntarily dismissed its claims against Herc Holdings. (ECF No. 31, 32).

Rola alleges that, on December 23, 2020, while he was operating a 2017 Kubota B26 Tractor, the tractor tipped over and trapped him underneath it. (Compl. ¶¶ 10–11). Because of

1

that accident, Rola claims he suffered severe and permanent personal injuries including, among others, spinal cord and nerve damage, a fractured rib and spine, and an epidural hematoma. (*Id.* ¶ 13). Rola then filed this personal injury and products liability suit alleging that Defendants defectively designed, manufactured, or otherwise maintained the tractor and were negligent in the tractor's design, manufacture, and maintenance. (*Id.* ¶¶ 21–25). These allegations appear to amount to claims for strict product liability, breach of warranty, and negligence. (*Id.* ¶ 25).

Rola filed his action in the Superior Court of New Jersey, Camden County, Law Division on March 25, 2022. (*Id.* at 3). Rola served both Kubota and Herc Rentals on March 29, 2022. (Mot. ¶¶ 2–3). He served Herc Holdings on April 5, 2022. (*Id.* ¶ 4).

Kubota removed the case to this Court on April 25, 2022. (Notice of Removal at 5). In its Notice, Kubota told the Court, "Consent to this removal has been provided as to Herc Rentals, Inc. and Herc Holdings, Inc. by and through its counsel . . . ." (*Id.* ¶ 14). When Kubota filed its Notice of Removal, Herc had not signed the Notice or filed any notice or letter itself, nor did Kubota file anything evidencing Herc's written consent other than the Paragraph 14 statement.

Rola filed this Motion on May 24, 2022, claiming that removal was improper because Herc failed to timely consent to the removal and therefore the removal was procedurally defective. (Mot. ¶¶ 6–7). Three days later, on May 27, 2022, Herc filed a Consent to Remove notice with the Court. (ECF No. 21). Herc claimed in that notice that both Herc Rentals and Herc Holdings timely consented to the removal by emailing its consent in writing to Kubota's counsel before Kubota filed its Notice of Removal. (*Id.* at 1). Herc attached the purported email to the notice. (*Id.* at 2). The email is dated April 22, 2022, three days before Kubota filed its Notice of Removal with this Court, and it does contain written consent to the removal. (*Id.*).

2

Herc opposed the Motion on June 1, 2022. (ECF No. 22). Kubota opposed the Motion on June 3, 2022. (ECF No. 24). Rola replied on June 14, 2022. (ECF No. 26).

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once that defendant removes the action, a plaintiff may challenge removal by moving to remand the case back to state court.

A district court may remand an action to state court for either a lack of subject-matter jurisdiction or a defect in the removal process. *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993); 28 U.S.C. § 1447(c). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). When a defendant removes a civil action solely based on diversity of citizenship pursuant to 28 U.S.C. § 1441, "all defendants who have been properly joined or served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003).

## III.     DISCUSSION

### A.     Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means they may only hear cases as Congress and the Constitution authorize. *Id.* Congress has authorized federal subject-matter jurisdiction in civil suits where the amount in controversy exceeds $75,000, and the parties are citizens of different states. 28 U.S.C. § 1332(a). Party diversity must be complete; no plaintiff may share citizenship

3

with any defendant. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967) ("Article III poses no obstacle to the legislative extension of federal jurisdiction, founded on diversity, so long as any two adverse parties are not co-citizens."). When a corporation is a party, it "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

Here, Rola is a New York citizen; Kubota is a citizen of both Texas and California; and Herc is a Florida citizen. Thus, complete diversity exists. Given the severe nature of Rola's claimed injuries, as well as his contention of lost earnings, continued need for medical treatment, and "great pain, suffering and mental anguish," a "reasonable reading of the value of the rights" at issue likely exceeds $75,000. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); (Compl. ¶¶ 14–17).

Because complete diversity exists and the amount in controversy exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332.

   B.   **Procedural Defect – Rule of Unanimity**

It is well settled that under 28 U.S.C. § 1446, all defendants must join in or consent to removal. *See Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). This is known as the "rule of unanimity." *See id*. The form in which that consent must come, though, varies from circuit to circuit. *See Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (holding all parties must support the removal notice in writing, but that writing may come after the thirty-day removal period ends); *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013) (holding court will not require all parties to submit a writing to the court indicating consent to removal); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208,

1225 (9th Cir. 2009) (same); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004) (same); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (holding defendants must support a removal notice in writing filed with the court), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (same).

Most importantly, though, the Third Circuit has not joined this circuit split. The Third Circuit has provided no specific directive on the form consent must take. *See Siebert v. Norwest Bank Minn.*, 166 F. App'x 603, 607 n.2 (3d Cir. 2006) (recognizing the nationwide circuit split and the lack of clarity in this District but declining to resolve it). Thus, this Court is not bound to follow a particular standard and instead must use its best judgment to interpret § 1446.

This Court has previously held that "where a defendant's removal notice is timely, and that removal notice is '[f]ollowed by the filing of a notice of consent from the codefendant itself, [the defendant] sufficiently establishes the codefendant's consent to removal.'" *Michalak v. ServPro Indus., Inc.*, Civ. No. 18-1727, 2018 WL 3122327, *5 (D.N.J. June 26, 2018) (citing *Griffioen*, 785 F.3d at 1188). Although other courts in this District have come to different conclusions, *see, e.g., Michaels v. State of New Jersey*, 955 F. Supp. 315, 321 (D.N.J. Nov. 8, 1996); *Pelle v. Dial Indus. Sales*, Civ. No. 18-12824, 2019 WL 1513220, *2 (D.N.J. Apr. 8, 2019), those hyper-technical interpretations of § 1446 and the rule of unanimity are not necessary to serve the rule's purpose.

The standard adopted in *Michalak* still requires the consenting codefendant to file a notice of consent with the Court. It merely holds that those codefendants need not file their proof of consent in the same "timely" window as the Notice of Removal. Following this standard, all codefendants still have an opportunity to object to the removal. *See Michalak*, 2018 WL at *5;

*Griffioen*, 785 F.3d at 1187. Additionally, the removing defendant must still certify in its notice, under penalty of Rule 11 sanctions, that all codefendants consented to the removal. Rule 11 sanctions thus serve as a deterrent to safeguard against a removing defendant falsely representing to the Court that its codefendants consented. *See Michalak*, 2018 WL at *5; *Griffioen*, 785 F.3d at 1187. If a removing defendant does make a false statement, the *Michalak* standard affords the objecting codefendant an opportunity to alert the Court to the false statement. For these reasons, we see no reason to deviate from *Michalak* today.

Thus, there is no cause to remand here. Kubota timely filed its Notice of Removal. Kubota obtained Herc's consent to the removal prior to filing its Notice, reported that consent to the Court, and Herc later filed a Notice of Consent. Herc's consent, therefore, was sufficient, the Defendants satisfied the rule of unanimity, and Kubota's removal was not procedurally defective.

### IV.   CONCLUSION

For these reasons, Rola's Motion to Remand is **DENIED**. An appropriate order follows.


Dated: October 31, 2022                                       /s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge